UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE 2003 GMC SIERRA 3500 PICKUP
TRUCK, VIN: 1GTJK33113F208636,

    Defendant.
_____/

Case No. 05-74205

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 28, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On November 2, 2005, the government filed this forfeiture suit, naming as *in rem* defendant a vehicle seized by agents of the Drug Enforcement Agency ("DEA"). Before the Court is the government's motion for entry of an order voluntarily dismissing this case with prejudice, filed on May 21, 2012 pursuant to Federal Rule of Civil Procedure 41(a)(2). John David Presley, the sole claimant in this action, has not filed a response to the motion. He has instead filed a "Settlement Conference Statement" in which he asserts that he is entitled to receive the fair market value of the vehicle at the time it was seized. *See* Dkt. # 39. The Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and for the reasons stated below, grants the government's

motion.

## I. Factual and Procedural Background

In early 2003, Presley bought a 2003 GMC Sierra pickup truck from Superior Pontiac GMC, a dealership in Dearborn, Michigan, paying the purchase price with $44,000 in cash. Two dealership employees apparently used this cash to purchase five cashier's checks from local banks and credit unions, then documented the transaction to reflect that the purchase price was paid with the cashier's checks and $9,800 in U.S. currency.

Presley owned a produce business and employed a number of truck drivers. During 2002 and 2003, law enforcement authorities stopped two of his drivers and seized large quantities of marijuana. The DEA began to investigate Presley's activities, leading to his indictment on one charge of conspiracy to distribute more than one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vii). The government also obtained a warrant to seize the GMC pickup truck. The seizure took place on June 15, 2005. The government subsequently filed this forfeiture action, which was stayed pending completion of the criminal proceedings.

The two truck drivers who had been stopped by law enforcement authorities testified against Presley during a two-day jury trial held in October 2006. Presley was found guilty, and his conviction was affirmed on appeal. *United States v. Presley*, 349 Fed. App'x 22 (6th Cir. Oct. 13, 2009). The government filed a motion to allow an interlocutory sale of the vehicle, and on July 15, 2009, the Court granted this motion. The

pickup truck was sold for approximately $17,500.[1]

In August 2010, Presley's attorney moved to withdraw from this case, and the Court granted his motion soon afterward. At that time, Presley began representing himself in this litigation.

On October 20, 2010, Presley filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Presley argued that he was denied the effective assistance of counsel, as his attorney failed to introduce evidence that would have impeached the government's key witnesses.[2] The Court determined that an evidentiary hearing was necessary to resolve this claim and appointed the Federal Defender's Office to represent Presley.

After an evidentiary hearing held on June 9, 2011, the Court concluded that due to the error of Presley's counsel, the government's case had not been subjected to meaningful adversarial testing. The Court granted Presley's § 2255 motion in an Opinion and Order dated August 16, 2011, directing that he be released from custody unless the government commenced a new trial within 180 days. The Court subsequently dismissed the indictment pursuant to a motion filed by the government.

On October 26, 2011, the government moved for summary judgment in the forfeiture

---

[1] Storage costs of $9,066.48 were incurred as a result of the length of time the vehicle was in storage. These costs were assessed against the proceeds and paid by the United States Marshals Service to its contractor. According to the government, this leaves $8,433.52 in net proceeds from the sale.

[2] Presley's § 2255 motion raised a number of other claims. On February 23, 2011, the Court entered an Opinion and Order denying relief with respect to all of Presley's claims except for his claim that trial counsel was ineffective as a result of his failure to present the testimony of two witnesses.

action. The government asserted that the proceeds of the vehicle's sale are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) as property involved in a transaction structured to evade reporting requirements. A hearing was held on January 23, 2012. The Court denied the government's motion, concluding that a genuine dispute of fact existed with respect to Presley's "innocent owner" defense. If Presley proved this defense, the proceeds of the vehicle would not be subject to forfeiture. *See* 18 U.S.C. § 983(d).

A settlement conference relating to this forfeiture action was held on May 14, 2012, before Magistrate Judge David R. Grand. No settlement was reached. Presley has resisted efforts to settle the case for less than the fair market value of the vehicle at the time of the seizure, an amount that he believes is considerably higher than the auction price.

The government has now moved for entry of an order voluntarily dismissing this forfeiture action pursuant to Rule 41(a)(2). The government has determined that it would not be cost-effective to try this case for the amount remaining in controversy. Therefore, the government seeks an order of voluntary dismissal with prejudice and providing for the payment of the sale's net proceeds to Presley. Presley has apparently indicated in e-mail correspondence that he will not agree to entry of the requested order unless it makes clear that he is free to bring a future action for the full value of the truck. *See* Pl.'s Mot. 3.

## II. Discussion

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper." The rule further provides:

> If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent

4

adjudication.

Fed. R. Civ. P. 41(a)(2).  As the government notes, no counterclaim has been filed in this action.[3]  Without a counterclaim, Presley can only recover the proceeds of the vehicle's sale, and he would receive those proceeds under the order proposed by the government. This suggests that voluntary dismissal would not prejudice Presley.

Despite having failed to file a counterclaim, Presley has suggested that he intends to seek recovery of the full value of the seized truck.  The Court considers whether voluntary dismissal would affect Presley's ability to pursue such relief, and concludes that it would not.  The Court believes that Presley's claim is in the nature of a compulsory counterclaim, and that Presley has effectively waived it.  The federal rules provide:

> A pleading must state as a counterclaim any claim that - at the time of its service - the pleader has against an opposing party if the claim:
>
>   (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>   (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  Failure to assert a compulsory counterclaim as required by Rule 13(a) results in waiver of the claim.  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562-63 (6th Cir. 1995).  Presley's claim for the full value of the vehicle would arise from the seizure which is the focus of this forfeiture suit, and the government is already a party to the suit. Having effectively waived his potential counterclaim for money in excess of the proceeds

---

[3] Although Rule 41(a)(2)'s language appears to apply only to counterclaims raised by "a defendant," the Court nevertheless believes that the same principle would be properly applied to a counterclaim raised by a claimant in a forfeiture action.  However, as indicated above, Presley has not filed a counterclaim.

5

of the sale, Presley would be unable to assert this claim in a subsequent action.[4]  Voluntary dismissal of this forfeiture suit would therefore have no impact on Presley's ability to obtain relief.  Because no prejudice will result, the Court believes that the government's motion should be granted.

The government has requested that the order of dismissal state that the United States and its agents had reasonable cause for the seizure of the defendant vehicle under 28 U.S.C. § 2465, and that the government's position in this suit was substantially justified under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B).

The court first considers the question of "reasonable cause" for the seizure.  The statute provides:

> [I]f it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution . . ..

28 U.S.C. § 2465(a)(2).  "'Reasonable cause' within the meaning of section 2465 is essentially synonymous with probable cause." *United States v. One 1996 Ford Pickup*, 56 F.3d 1181, 1186 (9th Cir. 1995) (citing *Stacey v. Emery*, 97 U.S. 642, 646 (1878); *United States v. 255 Broadway*, 9 F.3d 1000, 1006 n.9 (1st Cir. 1993)).  The Court notes that the government obtained a seizure warrant in connection with the seizure of Presley's truck.  This warrant was issued by Magistrate Judge Virginia Morgan on June 14, 2005.  Gov't

---

[4] The Court also notes that Rule 41(a)(2)'s counterclaim language applies where the counterclaim was pleaded *before* service of the motion for voluntary dismissal.  This suggests that a party should not be able to oppose a motion for voluntary dismissal by pleading a counterclaim in response to the motion.

Br. Supp. Mot. Summ. J. Ex. 1.  The Court is unaware of any evidence indicating that the statements supporting the warrant were false, and believes that the issuance of this warrant definitively resolves the question of reasonable cause in the government's favor.

The Court next considers whether the government's position was "substantially justified" for purposes of the EAJA.  This statute provides in pertinent part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  The Supreme Court has concluded that in this context, the term "substantially justified" means "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).  "That is no different from the 'reasonable basis both in law and fact' formulation" that had previously been adopted by some Courts of Appeals.  *Id.* at 565, 108 S. Ct. at 2550.  "To be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566, 108 S. Ct. at 2550.  "In other words, to be substantially justified, the position of the government must have a reasonable basis in both fact and law; however, it need not hold a

7

winning hand." *United States v. Certain Land Situated in the City of Detroit*, 600 F. Supp. 2d 880, 895 (E.D. Mich. 2009).

Even if the Court were to assume that Presley is a "prevailing party" under the statute,[5] the Court concludes that the government's position was "substantially justified" for purposes of § 2412(d)(1)(B). Presley's conviction for conspiracy to distribute marijuana provided grounds for believing that the truck was subject to forfeiture as proceeds of narcotics trafficking, and this conviction was not vacated until 2011. Moreover, statements made to Special Agent Steven Temprano indicated that Presley was aware that the purchase of the truck was structured to avoid reporting requirements relating to large cash transactions. If proven, this would have provided grounds for forfeiture of the vehicle as property involved in a structuring transaction. *See* 31 U.S.C. § 5317(c)(2). The Court believes that the government's position rested on a reasonable basis of fact and law, even though the government might not have ultimately prevailed in its claim at trial. The Court therefore concludes that the government's position was

---

[5] The government does not make this argument in its brief, although it does question whether a voluntary dismissal could be considered "substantially prevail[ing]" under § 2465. The Court is not persuaded that a voluntary dismissal has "'the necessary judicial imprimatur'" sufficient to bestow "prevailing party" status under § 2412. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001)). Furthermore, the only authorities the Court has been able to locate with respect to a "prevailing party" in an *in rem* forfeiture action indicate that even a successful claimant is not a "prevailing party," as the defendant is the property itself, and the statute defines "party" in such a manner as to exclude property. *See United States v. Land, Shelby County*, 45 F.3d 397, 398 (11th Cir. 1995); Moore's Federal Practice - Civil § 54.172[1][b][iii][C] ("In an *in rem* case, the property cannot be a 'party' under the EAJA's definition of that term.").

"substantially justified" for purposes of § 2412(d)(1)(B).

### III. Conclusion and Order

For the reasons set forth above, the Court concludes that no prejudice will result from voluntary dismissal of this suit, and believes that the government's motion should be granted. The Court further concludes that the United States and its agents had reasonable cause for the seizure of the defendant vehicle under 28 U.S.C. § 2465, and that the government's position in this action was substantially justified for purposes of 28 U.S.C. § 2412(d)(1)(B).

Accordingly,

**IT IS ORDERED** that the government's motion for entry of an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and the government is directed to disburse the net proceeds of the sale of the vehicle to Claimant John David Presley as soon as practicable.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Tauras N. Ziedas, A.U.S.A.
Andrew N. Wise, Esq.