UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ONE 2003 GMC SIERRA 3500 PICKUP
TRUCK, VIN: 1GTJK33113F208636,

      Defendant.
_____/

Case No. 05-74205

Honorable Patrick J. Duggan

## OPINION AND ORDER

On November 2, 2005, the Government filed this forfeiture suit, naming as *in rem* defendant a vehicle seized by agents of the Drug Enforcement Agency. The forfeiture action was stayed pending completion of the underlying criminal proceedings against the sole claimant to this property, John David Presley. Presley was convicted and after the conviction, the Government filed a motion to allow an interlocutory sale of the vehicle. On June 15, 2009, the Court granted this motion and the vehicle was sold in August 2009. The Court subsequently vacated Presley's conviction pursuant to 28 U.S.C. § 2255 and, upon the Government's motion, the Court dismissed the indictment. On October 26, 2011, the Government moved for summary judgment in the forfeiture action, which the Court denied. After an unsuccessful settlement conference, the Government moved for an entry of an order voluntarily dismissing the forfeiture action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which the Court granted on June 28, 2012. The

Court found that Presley would not be prejudiced by an order voluntarily dismissing the action because he had not filed a compulsory counterclaim against the Government and had therefore effectively waived any claim for money in excess of the sale proceeds. Presley then filed a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h), and this motion is presently before the Court. Having considered Presley's arguments, the Court does not find a "palpable defect" in its June 28, 2012 Opinion and Order that would have led to a different disposition of the Government's motion for voluntary dismissal.

Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration, providing:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Presley's argument in support of his reconsideration motion is two-fold.  First, Presley argues that the Government failed to comply with this Court's July 15, 2009 Order permitting the interlocutory sale of the vehicle, which instructed the Government that "[t]he Defendant Vehicle shall not be sold for less than two-thirds of its appraised value according to the NADA guide." (July 15, 2009 Order ¶ 3, ECF No. 17.)  The pickup truck was sold in August 2009 for approximately $17,500, which, according to the Government, was two-thirds of the NADA value at the time of the sale.  Presley's position is that he is entitled to receive two-thirds of the fair market value of the vehicle at the time it was seized, which, in 2005 was $27,050.00.  (Def.'s Reply 2, ECF No. 50.)  Second, Presley asks this Court to permit him to bring a counterclaim against the Government to receive the roughly $10,000 he believes he was entitled to based on his valuation of the truck.

Both of Presley's arguments were presented to the Court in response to the Government's motion for voluntary dismissal.  Although Presley mistakenly filed a "Settlement Conference Statement" instead of asserting a counterclaim in responding to the Government's motion, the Court considered Presley's contentions regarding the proper sale price and impliedly rejected them when it held that Presley waived his compulsory counterclaim against the Government.  (June 28, 2012 Op. & Order 5, ECF No. 40.)

In granting the Government's motion for voluntary dismissal, the Court noted that Presley was not entitled to make a claim for money in excess of the proceeds of the sale because Presley had not filed a compulsory counterclaim pursuant to Federal Rule of

Civil Procedure 13(a)(1).  Even if Presley had properly filed a counterclaim in lieu of mistakenly filing the "Settlement Conference Statement," a palpable defect would not exist.  As the Court noted, "Rule 41(a)(2)'s counterclaim language applies where the counterclaim was pleaded *before* service of the motion for voluntary dismissal.  This suggests that a party should not be able to oppose a motion for voluntary dismissal by pleading a counterclaim in response to the motion."  (June 28, 2012 Op. & Order 6, n.4.)  Presley filed the "Settlement Conference Statement" after the Government moved for voluntary dismissal and therefore, even if his contention that he meant to file a counterclaim is correct, the result of the Court's June 28, 2012 Opinion and Order would remain unchanged.  In other words, had Presley filed a counterclaim in lieu of the "Settlement Conference Statement," this counterclaim would, in essence, have been filed in opposition to the Government's motion for voluntary dismissal.

Moreover, in responding to the present motion, the Government has indicated that it has never consented to a counterclaim or waived sovereign immunity in this civil forfeiture case.[1]  Fed. R. Civ. P. 13(d) (explaining that the rules governing counterclaims "do not expand the right to assert a counterclaim . . . against the United States").  Presley has provided no basis, either by way of allegation or evidence, that the Government consented to be sued by Presley for whatever he believes is or was the value of the seized truck.  In light of the Court's June 28, 2012 Opinion and Order, which provided that (1) the United States and its agents had reasonable cause for the seizure of Defendant

---

[1] Local Rule 7.1(h)(2) provides that no response to a motion for reconsideration is permitted unless the Court orders otherwise.  In the instant action, the Court issued a notice permitting the Government to respond on August 16, 2012.  (ECF No. 48.)

Vehicle under 28 U.S.C. § 2465, and that the Government's position in the underlying forfeiture suit was substantially justified under the Equal Access to Justice Act, 28 U.S.C. § 2414(d)(1)(B), the Court believes that the Government's sovereign immunity argument is correct. (June 28, 2012 Op. & Order 6-9.)

In sum, the Court has previously addressed the arguments Presley submits in support of his motion for reconsideration. The Local Rules explain that the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Moreover, Presley has not identified a palpable defect warranting a different ruling on the Government's motion for voluntary dismissal because he has not shown how the Court and the parties were misled in the instant case. The Court has carefully reviewed Presley's arguments, but concludes that it did not err in granting the Government's motion for voluntary dismissal.

Accordingly,

**IT IS ORDERED** that Presley's motion for reconsideration is **DENIED**.


Dated: January 2, 2013

                                        s/Patrick J. Duggan
                                        UNITED STATES DISTRICT JUDGE

Copies to:

**John David Presley,** *pro se*
6420 Silverbrook W
West Bloomfield, MI 48322

**Tauras N. Ziedas, A.U.S.A.**
**Andrew N. Wise, Esq.**